## MILES C. MOORE AND CHARLES DAVIS,
### APPELLANTS,

*v.*

## CITY OF WALLA WALLA, APPELLEE.

A city proceeding to abate a nuisance in one of its streets, is clothed with the attributes of sovereignty, and may prosecute its suit in the first instance by a bill in equity.

Where a defendant demurs to a complaint by a municipal corporation to abate a nuisance, for the reason that the same does not show grounds of equitable relief, but merely a remedy at law, if any, and his demurrer is overruled, but afterwards upon the trial fails to demand a trial by jury, his demurrer, if otherwise valid, is thereby waived.

One who has applied for and has accepted a conveyance of a lot in a town or city, according to a recorded plat of said town or city, upon which plat a street appears bounding the property, is by such act estopped to deny the existence of the street, or to set up any title to the land embracing such street acquired before the platting, or any right acquired by adverse possession continued thereafter.

APPEAL from the First Judicial District, holding terms at Walla Walla.

This was a suit in equity in which said city was plaintiff, and plaintiffs in error were defendants, to have a certain building occupied by defendants declared a nuisance, because in one of the public streets of plaintiff; to have the same abated as such, and the ground upon which it stood declared a part of Second Street of said city.

The plaintiff below alleged its corporate existence under sundry acts of the Legislative Assembly, and title pursuant to a patent from the Government, of date July 2d, 1869, issued under the Town Site Act of Congress of the United States, approved March 2d, 1867, in trust for the benefit of the several lot owners upon the land described in the patent, according to their several interests.

The plaintiff also alleged the existence, since 1859, within its limits and upon the land patented, of a public street, called Second Street; the erection and maintenance by defendants of this said building, which extended into the street a width of about sixteen feet.

The fourth paragraph of the complaint alleged disposition of lots within the foregoing limits only, by virtue of an act of the

Legislative Assembly, of date December 11th, 1866 ; giving its
title and a confirmation of such sales by another act of said As-
sembly, of date November 21st, 1871.

The fifth allegation sets forth the means by which said lots
were disposed of, and that Second Street was not so disposed of.

The defendants moved to strike from said complaint said
fourth and fifth paragraphs, because each was irrelevant, imma-
terial, and redundant.  The motion was overruled.  Thereupon,
defendants, while not waiving their motion, demurred to said
complaint, because it did not state facts sufficient to constitute
a cause of action ; because it did not state facts sufficient to en-
title to equitable relief ; and for the reason the complaint dis-
closed there was a plain and adequate remedy at law, if plaintiff
was entitled to any relief.

The Court refused to sustain the demurrer.  Defendants an-
swered over, controverting most of the allegations of the com-
plaint, and denying knowledge and information as to others ;
and also setting forth as a defense the actual, exclusive, and
open possession and occupancy of the ground in dispute, by de-
fendants and their grantors, since 1858 ; that such occupancy
had, from its inception, been under various town site acts of
Congress ; that title had been acquired by plaintiff, under the
Town Site Act of Congress of 1867, to the eighty acres of which
the premises in dispute was a part, in trust for the several in-
habitants thereof, according to their respective interests ; that
immediately before, and ever since, the commencement of occu-
pancy of said disputed ground, the said patented land had been
occupied as a town site by a number of inhabitants ; that prior
to the beginning of said occupancy, by defendants and their
grantors, there were extended across said eighty acres certain
streets and highways publicly used as such, which divided the
land into blocks and other subdivisions ; that the narrow strip
in dispute was bounded in front and on the east by such streets,
and on other lines by other premises of defendants' within one
of said blocks ; and that the occupancy had been instituted with
reference to and upon the faith of such streets.  This defense
was stricken out, on plaintiff's motion.

The cause was tried before the Chancellor, and the findings
had and decision rendered in favor of the plaintiff.

In the course of the trial, it was shown that defendant's grantor had accepted from the city a deed of a lot, bounded by Second Street as platted, which platted street would include the strip of land occupied and claimed by defendants.

*John B. Allen,* for Appellants.

The plaintiffs in error claim the lower Court erred, in not striking the fourth and fifth paragraphs from the amended complaint, as asked. The fact that the city had only sold lots under two certain acts of the Legislature, and pursuant to certain ordinances, and had not disposed of Second Street in the same manner, were not issues to be brought into this case. (*Stewart* v. *Bouton et al.,* 6 How. Pr. 71 ; *Evans* v. *Robbins,* 29 Iowa, 474 ; *Greene* v. *Palmer,* 15 Cal. 411.) The object of the Town Site Act of 1867 was the relief of the inhabitants of cities and towns upon the public land. (14 U. S. Stat. 541.)

Such has been the policy of Congress in its legislation upon this subject for years prior to the date of the above act. (*Jones* v. *City of Petaluma,* 38 Cal. 406.)

In its relation to the inhabitants, the city or town is but a naked trustee ; it holds title for only one purpose—the benefit of the inhabitant, according to his respective interest ; it cannot take advantage of this trusteeship, at his expense or to his prejudice, to alter or enlarge its streets, or mark out new streets which it may regard as desirable.

The inhabitant is vested from the date of his occupancy with defined equitable rights, and the only act the city can lawfully take is to convert this equitable into a vested legal title. (1 Story's Equity Jurisprudence, revised ed., Secs. 322, 323.)

The city or town must accept such streets as are in existence at the date of its becoming endowed with the legal title. If other streets are desirable, or alterations affecting possession needed, the manner is by the exercise of the power of eminent domain, as prescribed by law, and not in the arbitrary abuse or disregard of express trust. (*Fischer* v. *City of Benicia,* 36 Cal. 562 ; *Alemany* v. *City of Petaluma,* 38 Cal. 554.)

The act pleaded in the complaint and the title under it amounted to a dedication by Congress of the streets, as they had been known and used on occupied parts of the land, and nothing further. (*Jones* v. *City of Petaluma,* 36 Cal. 236.)

The matter of defense in the answer, if allowed to remain, would have permitted defendant to show that at the time of the inception of his occupancy the tract in dispute was part of a block; that the streets of the city then existed; that the purchase or settlement had originally been made on faith of such a state of facts, and a continued possession for a prescriptive period.

The doctrine of limitation applies in this case. If the original relation of plaintiff to defendants had been that of a trustee, it had renounced it, and been for more than twenty years assuming an adverse attitude; while the defendants had been by occupancy—open, actual, and exclusive—maintaining title to the property hostile to this avowed claim of plaintiff's. (*Boone* v. *Chiles*, 10 Peters, 223; 12 Curtis, 83.)

From its inception in 1853 to the time of trial, the possession set up in the answer was adverse and exclusive, and nothing is shown by the record from which a dedication to the public can be inferred. (Angell on Highways, 146, Sec. 157; 3 Washburne on Real Property, 72, Sec. 7; Bigelow on Estoppel, 491, note; *Livingston* v. *Mayor of New York*, 8 Wend. 85; 21 Am. Dec. 630.)

Plaintiffs in error contend the complaint sets forth only a legal cause of action, if any.

No irreparable injury is alleged, as shown. No injunction is prayed. Under our statute, the power of abating is given to the Court. The fact of a nuisance is one preëminently proper for a jury to determine.

*W. G. Langford* and *T. J. Anders,* for Appellee.

As to demurrer that the complaint did not state facts entitling the plaintiff to equitable relief, if true, is not a demurrer; but if the relief was " *legal* " only, to have obtained a legal trial by jury, the defendant must have moved for a jury trial before he can claim error. (New York Code, Sec. 1662; Wait's Practice, Vol. 7, par. 419; Vol. 5, par. 281; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. Rep., 7th Tiff, par. 30, 46.)

Our Code does not state whether the remedy is legal or equitable.

Code of 1881, p. 134. Plaintiff has choice of whether he shall have legal or equitable relief, and Courts of Equity have

jurisdiction. (2 Dillon's Municipal Corporations, Sec. 619, 6th rev. ed., and authorities there cited; *People* v. *Vanderbilt*, 26 N. Y. Rep., p. 876, and same case, 28th vol. Ibid, 396 ; *Quincey* v. *Jones*, 76 Ill. Rep. 231 ; *Carter* v. *Chicago*, 57 Ill. Rep. 283 ; Story Eq. Jurisprudence, 6th ed., Vol. 2, from Sec. 921 to 927, inclusive.)

Whether a jury trial shall be allowed is a matter of discretion with the Court, and such discretion is not revisable upon appeal. (Wait's Practice, Vol. 5, p. 281, and cases there cited.)

The right of a lot occupant ; was the right of preëmption, founded on a right of preëmption, this right of preëmption is a privilege to enter land, not a legal or equitable vested right.

A privilege founded on a privilege can be no greater than the privilege upon which it is founded, and neither is a vested right. (9 Wallace, U. S. Supreme Court Reports, p. 187, *Fresbie* v. *Whitney.*)

That no right vests, except when an occupant has complied with the act of the Territorial Legislature. (See *Cofield* v. *Mc-Clellan*, 16 Wallace, U. S. Supreme Court Rep., p. 446 ; *Dupond* v. *Barstow*, 45 Cal. Rep. 446.)

One of the rightful powers of the Territorial Legislature is to establish roads and highways.

It can do this by direct act, or through its agent for that purpose; such as county commissioners, supervisors, cities, etc.

The only restriction on this power is, that private property shall not be taken for public use without compensation.

Without a statute of the United States granting it, it would also be restricted from making any primary disposal of the soil; but Congress obviated this last objection by the Act of the 18th of May, 1796. (United States Revised Statutes, p. 456, Sec. 2477.)

Hence, a highway is legal when established by authority of the Territorial Legislature, except as against a person asserting a vested right preëxisting the establishment of the road.

The Territory delegated this power to the city of Walla Walla, in its various charters, and the city exercised it by establishing Second Street.

The Legislature further established this and all streets, by authorizing the sale of lots. (See said Act of December 11th,

1866, p. 153.)  Further, by the act of the Territorial Legislature, November 21st, 1871, by confirming sales made in conformity with plat, thus confirming the streets.

The Legislature in 1877 (See Stats. W. T., p. 299), created the streets made in conformity of plats, streets.

And see plats legalized, Stats. W. T., 1881, pp. 402–3.

Laying out a town and selling lots is dedication of streets. (Dillon on Municipal Corporations, 6th ed., Secs. 635, 640.)

Were all the above wrong, the sale and purchase of lots according to plat estops the city, and Baker and Stephens, and their vendors, from claiming the street.  (Cases above cited, and 36 Barbour's Rep. 136 ; 1st Hill Rep. 191.)

The United States held all the legal and equitable title until the patent issued ; then the city held it subject to the act of the Territorial Legislative Assembly ; and the place was a public street all the time ; and statues of limitation could not run against the United States, nor in favor of a public nuisance.

Opinion by HOYT, Associate Justice.

This was a writ in equity to have a certain building declared a public nuisance, and have it abated as such, and was brought by the City of Walla Walla against the defendants, who were in possession of said building.  A large number of questions have been raised and ably argued by counsel, but as the Court finds difficulty in harmonizing its views as to some of the most important of them, we have concluded to pass upon only such as are necessary for the purposes of this case.

The first objection urged by the appellants to the proceedings below is, that the Court overruled their demurrer to the complaint, which they claim should have been allowed, because the complaint did not show the plaintiff entitled to equitable relief ; but we think that the said city in prosecuting this action was acting for the public at large, and was, therefore, for the purposes of said suit, clothed with all the attributes of sovereignty ; besides, the defendants by consenting to try the case without a jury, in our opinion thereby waived the right to afterwards object that the action was in equity rather than at law.

The principal question in the case was, as to whether the land upon which the said building was situated was a part of Second

Street in said city, or the private property of the defendants. The only title claimed by defendants was derived from one D. S. Baker, and if the said D. S. Baker was not in a situation to assert his title to said land, as against the public at the time he conveyed the land, it will follow under the circumstances of this case that defendant will occupy the same situation.

It is conceded, or is sufficiently shown, that the disputed land is a part of Second Street, as it appears upon the recorded plot of said village ; and the decisive question is as to whether said Second Street as it appears upon said plot must be taken to be correct; and for the purposes of this case we think it must, as the said D. S. Baker had by his acts so far adopted said plot in reference to the particular portion thereof affecting this question, that he will not now be allowed to make any claim in opposition thereto. As early as 1861 he caused Lots one (1) and ten (10) in Block twelve (12) to be recorded (on the city records of said city) in his name, describing them in his claim therefor as such, according to the recorded plot, upon which plot said Second Street appeared as bounding said lot one on the side, and covering .the very property in question in this suit. He afterwards made to said: city a verified claim to a part of the same lots, describing said Lot one as bounded by Second Street, along that very boundary which, in fact, was bounded by the land in question, and upon his said claim received from it a deed with a like recognition of the disputed territory as a part of Second Street. These acts, and some others of a similar nature, appearing in the record, in our opinion estop him, as above stated.

Whence it follows, that as between the parties to this suit, the building in question is in said Second Street, and that the judgment of the Court below so deciding and decreeing its abatement must be affirmed, and it is so ordered.

Let the cause be remanded, with instructions to the Court below to carry into effect its said judgment and decree.